UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN THE MATTER OF THE COMPLAINT
OF OBSESSION CHARTERS, INC. AS
OWNER OF THE VESSEL OCEAN
OBSESSION II, OFFICIAL NUMBER
1041705 FOR EXONERATION FROM OR
LIMITATION OF LIABILITY,

Case No: 6:16-cv-2022-Orl-22TBS

_____

## ORDER

This case comes before the Court on Claimant's Motion for Reconsideration of Court's Order Denying Claimant's Motion to Stay Action and to Lift Injunction Restraining Action against Petitioner (Doc. 18). Petitioner, Obsession Charters, Inc., has filed a response to the motion (Doc. 23), and the matter is ripe for decision.

Claimant Julio Walcott alleges that he was injured while riding as a passenger on a vessel owned by Petitioner (Doc. 1, ¶ 11; Doc. 11). He has filed a lawsuit in the state court, claiming that his injuries are a result of Petitioner's negligence (Id.). Medicare has been paying Walcott's medical expenses through a Medicare Advantage Plan administered by Health First Health Plans (Doc. 1, ¶ 21; Doc. 16 at 3).

Petitioner brings this action under the Limitation Liability Act of 1851, 46 U.S.C. § 30501, *et seq.*, seeking exoneration or limitation of its liability for all claims resulting from the incident in which Walcott was injured (Id.). After this case was filed, the Court enjoined the institution and prosecution of all suits and legal proceedings against Petitioner and the vessel pending the resolution of the limitation proceeding (Doc. 7). The Court also set a deadline for the bringing of claims against Petitioner and the vessel (Id.). The deadline has passed, and only Walcott has filed an answer and claim (Docs. 10-11).

Walcott motioned the Court to stay this action and lift the injunction so that he could

pursue his state court action against Petitioner (Doc. 14). As grounds, Walcott argued that his is the only claim against Petitioner, and that he was offering a stipulation which satisfied the requirements articulated in Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032, 1041 (11th Cir. 1996)[1] (Doc. 14, ¶¶ 4-6). Petitioner opposed the motion on the grounds that Walcott is not the sole claimant in the case, the aggregate claims exceed the limitation fund, and the proposed stipulation was inadequate (Doc. 16 at 1). In addition to Walcott's claim, Petitioner argued that Medicare has a statutory lien against both it and its insurer for any payments made to Walcott (Doc. 16 at 1-2). Petitioner also contended that Medicare has an independent, statutory cause of action against it which is superior to Walcott's claim against Petitioner (Id.). The Court denied Walcott's motion after finding that this is a multiple claimant case because there is a Medicare claim and lien against Petitioner, and consequently, the stipulation offered by Walcott was inadequate (Doc. 17).

Walcott seeks reconsideration, arguing that when his motion to stay this proceeding and lift the injunction was briefed, he did not have an opportunity to address Petitioner's argument concerning the application and effect of the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y (Doc. 18, ¶ 6). Walcott asserts that as a matter of law, Petitioner's arguments based on the MSP are wrong (Id.). He also argues that Petitioner, but not its insurer, may be entitled to limited liability, and that the stipulation he is still

---

[1] In Beiswenger, the Court said a stipulation by a sole claimant: (1) confirming that the vessel owner had the right to litigate its claim to limited liability exclusively in the admiralty court; (2) stipulating that the admiralty court had exclusive jurisdiction to determine all limitation of liability issues; (3) agreeing that the value of the vessel and freight would be the limit of the fund available if limitation was granted; (4) promising not to seek a determination of any limitation issues in any venue other than the admiralty court; (5) waiving res judicata and issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court; and (6) stipulating that unless and until the admiralty court denied limited liability, the claimant would not attempt to enforce any judgment in excess of the limitation fund against the vessel owner or any co-liable party, would be sufficient. Id. at 1037-38, 1044.

- 2 -

offering is adequate to protect Petitioner (Id. at 8-10). Petitioner opposes reconsideration on procedural grounds and on the merits (Doc. 23).

The federal rules do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Still, courts recognize that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1 (3d ed. 2012). Reconsideration is an extraordinary remedy which is employed sparingly. United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). Rule 59(e) does not exist to give parties an opportunity to relitigate old matters. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). The rule is also not intended to permit parties to raise new arguments which could have been made before a motion was decided. Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). The circumstances in which reconsideration is appropriate include when the court has misapprehended a party's position or the facts, or has decided an issue not presented for determination. Anderson v. United Auto Workers, 738 F. Supp. 441 (D. Kan. 1990). The authorities recognize four basic grounds upon which a motion made pursuant to Rule 59(e) may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Of course, the corollary principle applies, and the movant's failure to show any manifest error may result in the motion's denial. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1 (3d ed. 2012). In this case, the Court grants reconsideration because it finds that it misapprehended the law in its original decision.

Medicare is a federal entitlement program which pays health insurance benefits for qualified elderly and disabled persons. See generally, 42 U.S.C. §§ 1395 *et seq*. When Medicare was enacted, it was the primary payer of beneficiaries' medical costs, even if the beneficiaries could also recover some or all of their costs from other sources, including private health insurance. Mason v. Sebelius, No. 11-2370 (JBS/KMW), 2012 WL 1019131, at *7 (D.N.J., Mar. 23, 2012) (citing Zinman v. Shalala, 67 F.3d 841, 843 (9th Cir. 1995)). In 1980, Congress enacted the MSP to make Medicare the secondary payer whenever a beneficiary could recover benefits from a "primary plan," such as a private health insurance provider which had a preexisting obligation to pay benefits, and which could be expected to pay those benefits "promptly." 42 U.S.C. § 1395y(b)(2)(A). To encourage primary plans to timely pay for covered medical expenses, the MSP created in the United States a right of action and a subrogation right to a private citizen's right to recover funds paid by Medicare. 42 U.S.C. § 1395y(b)(2)(B)(ii). The MSP also gives private persons the right to recover damages from a primary plan that wrongfully denies payment for healthcare that has been paid for by Medicare. 42 U.S.C. § 1395y(b)(3)(A).

Walcott argues that the Court's decision, finding that there are at least two claimants in the case, was wrong because Petitioner is not a "primary plan." If Petitioner is not a primary plan, then it follows that Medicare has no lien or claim against Petitioner or the vessel. Walcott cites Mason v. Am. Tobacco Co., 346 F.3d 36 (2d Cir. 2003), which was a putative class to recover from tobacco companies the Medicare payments made for the treatment of individuals with tobacco-related illnesses. The court dismissed the

suit, holding that the tobacco companies had no preexisting arrangement to pay insurance benefits to the members of the class, and that the MSP did not apply to tortfeasors generally. Id. at 42-43.

In December 2003, Congress amended the MSP to provide that: "An entity that engages in a business, trade, or profession shall be deemed to have a self-insured plan if it carries its own risk (whether by a failure to obtain insurance, or otherwise) in whole or in part." 42 U.S.C. § 1395y(b)(2)(A)(ii). This amendment expanded the definition of "primary plan" to include tortfeasors, and in the process, abrogated the holding in Mason v. Am. Tobacco Co. See Taransky v. Sec. of U.S. Dept. of Health and Human Serv., 760 F.3d 307, 313-314 (3d Cir. 2014). The Court could stop here, and deny Walcott's motion for reconsideration because it relies on cases that are no longer good law. Instead, the Court continues its discussion in order to reach the correct result, even though Walcott failed to argue the pertinent law.

Having established that Petitioner may qualify as a primary plan, the next question is whether anyone besides Walcott now has a claim against Petitioner or the vessel. After due consideration, the Court finds that at this point in time, Walcott has the only claim. As Judge Corrigan observed in Glover v. Philip Morris USA, Inc.,

> Section 1395y(b)(2)(B)(ii), as amended by the [Medicare Prescription Drug, Improvement, and Modernization Act of 2003], requires a primary plan to reimburse Medicare "if it is demonstrated" that the primary plan "has or had a responsibility" to make payment for an item or service. Applying this language, it cannot be "demonstrated" that an alleged tortfeasor, which has neither been adjudicated as liable nor has agreed to settle a tort claim, "has" an existing "responsibility" to reimburse Medicare or "had" a previous responsibility to do so.

380 F.Supp.2d 1279, 1290 (M.D. Fla. July 26, 2005), affirmed, 459 F.3d 1304.

Walcott has an unestablished, unresolved negligence claim against Petitioner. Until it is established by a settlement or judgment that Petitioner is liable to Walcott, Petitioner has no obligation to reimburse Medicare and an action under the MSP cannot be brought against Petitioner. Thus, Walcott is the only claimant in this limitation action. See Bio-Medical Applications of Ga., Inc. v. City of Dalton, Ga., No. 4:08-cv-0134-HLM, (N.D. Ga. Oct. 13, 2009) (Motion for summary judgment on MSP Act claim granted because plaintiff failed to show that defendant was obligated to make payments on behalf of patient); Brockovich v. Scripps Health, No. 06-cv-1569WNLS, 2006 WL 4484161, at *5 (S.D. Cal. Dec. 7, 2006) ("[T]he MSP requires that the evidence demonstrating responsibility to pay exist *before* a claimant files an MSP action, and be *specific and identifiable*, because those are the common, limiting features of the means Congress enumerated.") (emphasis in original).

Petitioner contends that the stipulation proffered by Walcott is not sufficient because it does not bind the Medicare Advantage Plan administered by Health First (Doc. 16 at 5-8). The Court rejects this argument because Petitioner currently has no liability for Medicare related claims.

Walcott also argues that only the owner of the vessel is entitled to the protections of the Limitation Act (Doc. 18 at 8-10). Accordingly, he contends that because Petitioner's insurers and/or underwriters do not own the vessel, that they are not entitled to a limitation of their liability (Doc. 18 at 8-10). Petitioner disputes this claim. The Court is unsure why this argument is being made at this time. The current injunction only precludes actions against Petitioner and the vessel. And, it has not been established in this proceeding that there is any insurance company or underwriters who are obligated to respond to Walcott's claim.

This brings the Court to Walcott's proposed stipulation. The first paragraph provides:

> Petitioner has the right to litigate the issue of whether it is entitled to exoneration from or limitation of its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § 181 et seq., in this Court, and this Court has exclusive jurisdiction to determine that issue.

(Doc. 14-1, ¶ 1). This language is sufficient to protect Petitioner's right to litigate its claim to limited liability and exoneration in this Court.

Next, Walcott acknowledges this Court's exclusive jurisdiction to determine the value of the vessel at the relevant point in time:

> Petitioner has the right to have this Court determine the value of the vessel *OCEAN OBSESSION II* (the "Vessel") immediately following the incident at issue, and this Court has exclusive jurisdiction to determine that issue.

(Id., ¶ 2). To avoid confusion, this paragraph should be revised to make it clear that this Court has exclusive jurisdiction over all limitation and exoneration issues.

The third paragraph of the stipulation states:

> Claimant will not seek a determination of the issues set forth in paragraphs 1 and 2, above, in any state, federal or other court, and consents to waive any res judicata effect the decisions, rulings or judgments of any state, federal or other court might have on those issues. In addition to any res judicata effect, Claimant further consents to waive any related defense of issue preclusion with respect to all matters reserved exclusively for determination by this Court, including without limitation those identified in paragraphs 1 and 2, above.

(Id., ¶ 3). Again, to avoid ambiguity, this paragraph should be amended to change "consents to waive," to "waives" any res judicata effect and the defense of issue preclusion.

In paragraph four, Walcott stipulates that:

> Claimant will not seek to enforce any judgment rendered in any state, federal or other court, whether against Petitioner or

> another person or entity that would be entitled to seek
> indemnity or contribution from Petitioner, by way of crossclaim
> or otherwise, that would expose Petitioner to liability in excess
> of $300,000 or such other value of the Vessel immediately
> following the incident at issue as may later be determined by
> the Court, until such time as this Court has adjudicated the
> Petitioner's right to exoneration from or limitation of its liability.

(Id., ¶ 4). This language, taken from Beiswenger is satisfactory to protect Petitioner. Id. at 1043.

The fifth paragraph of Walcott's stipulation provides:

> In the event this Court finds Petitioner is entitled to limit its
> liability in this action, Claimant will not seek to enforce any
> judgment rendered in any state, federal or other court,
> whether against Petitioner or another person or entity that
> would be entitled to seek indemnity or contribution from
> Petitioner, by way of crossclaim or otherwise, in excess of
> Petitioner's limit of liability as determined by the Court. In
> addition, should this Court find that Petitioner is entitled to
> exoneration from liability, Claimant shall have no recovery
> from Petitioner.

(Id., ¶ 5). This paragraph should be amended to state that Walcott will not seek to enforce any judgment he obtains until he has received prior leave from this Court.

The final paragraph of the stipulation states:

> In the event this Court determines that the Petitioner is entitled
> to exoneration from or limitation of its liability, Claimant agrees
> that any claim based upon fees and/or costs awarded against
> Petitioner and in favor of any party in any state, federal or
> other court proceeding will have first priority against the
> available fund.

(Id., ¶ 6). This paragraph is acceptable.

For the foregoing reasons, the motion for reconsideration (Doc. 18) is **GRANTED**. Walcott has fourteen days from the rendition of this Order within to submit a revised stipulation for the Court's consideration and approval.

DONE and ORDERED in Orlando, Florida on June 29, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record